JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDEN RENEAU and LA TRUCKER TRANSPORT LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PENSKE TRUCK LEASING CO., L.P., a limited partnership; and DOES 1 through 5, inclusive,<br><br>　　　　　Defendants. | Case No. 2:25-cv-04203-SPG-RAO<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [ECF NO. 7] AND GRANTING DEFENDANT'S MOTION TO TRANSFER [ECF NO. 8]** |

　　　Before the Court are the Motion to Remand (ECF No. 7 ("Motion to Remand")) filed by Plaintiffs Arden Reneau and LA Trucker Transport LLC ("Plaintiffs") and the Motion to Transfer Venue (ECF No. 8-1 ("Motion to Transfer")) filed by Defendant Penske Truck Leasing Co., L.P. ("Defendant"). The Court has read and considered the Motions and concluded that they are suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion to Remand and GRANTS the Motion to Transfer.

## I. BACKGROUND

In brief, Plaintiffs allege that they purchased two commercial trucks from Defendant between March and September 2024, and that, shortly after purchase, the trucks "experienced catastrophic failures," rendering them "unusable." (ECF No. 1-1 ("Complaint") ¶¶ 8, 10). Plaintiffs filed their Complaint in Los Angeles County Superior Court on April 8, 2025, alleging eleven causes of action against Defendant, including breach of express warranty, breach of contract, negligence, violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), and violation of the Unfair Competition Law ("UCL"). (*Id.* at 2). Plaintiffs request damages in excess of $1,500,000. (*Id.* at 7).

Defendant removed the case to this Court on May 9, 2025, citing diversity jurisdiction. (ECF No. 1("Notice of Removal")). Defendant states that it is a Delaware company with its principal place of business in Reading, Pennsylvania, and that Plaintiffs are citizens of California. (*Id.* at 4).

On May 15, 2025, Plaintiffs filed the Motion to Remand, seeking to remand this case to state court. (Mot. to Remand). On June 4, 2025, Defendant filed its opposition to Plaintiffs' Motion to Remand. (ECF No. 14 ("Defendant's Opposition")).

On May 16, 2025, Defendant filed the Motion to Transfer, citing a forum-selection clause in the parties' contract and requesting transfer to the Eastern District of Pennsylvania. (Mot. to Transfer). Plaintiffs timely opposed the Motion to Transfer on May 17, 2025, (ECF No. 9 ("Plaintiffs' Opposition")), and Defendant replied in support of the Motion on June 11, 2025, (ECF No. 15 ("Defendant's Reply")).

## II. LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Under § 1332(a)(1),

federal district courts have diversity jurisdiction where the "matter in controversy exceeds… $75,000" and the parties are citizens of different states. A case should be remanded from federal court to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B. Motion to Transfer

A district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks and citation omitted). The presence of a forum-selection clause is a "significant factor" in a court's analysis. *Id.* at 499. When parties have agreed to a valid forum-selection clause, and one party moves to transfer to the agreed-upon venue under § 1404(a), "a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). Under such circumstances, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. Motion to Remand

Because the Motion to Remand challenges the Court's subject matter jurisdiction, the Court begins its discussion with that Motion. Plaintiffs argue that this case should be remanded to state court because "subject matter jurisdiction is lacking." (Mot. to Remand at 4). However, Plaintiffs do not contest Defendant's assertions that the amount in controversy is greater than $75,000 and that the parties have complete diversity of citizenship. *See* (Notice of Removal at 3-6). Because federal district courts have diversity jurisdiction where the "matter in controversy exceeds… $75,000" and the parties are citizens of different states, and because these facts are not in dispute here, the Court has diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Instead of challenging the existence of diversity jurisdiction, Plaintiffs argue that, even if diversity jurisdiction exists, "the presence of a forum selection clause designating a state court as the proper forum can override diversity jurisdiction." (Mot. to Remand at 4). Even assuming this principle is true, however, it has no bearing on this case because the forum-selection clause here assigns disputes to "the state *or federal* courts sitting in or having jurisdiction over Berks County, Pennsylvania." (Compl. at 22). Moreover, the substance of Plaintiffs' argument is not that the forum-selection clause here is enforceable and requires remand to state court, but that the forum-selection clause is *un*enforceable. *See* (Mot. to Remand at 5-11). Because there is diversity jurisdiction in this Court, if the forum-selection clause is unenforceable, this Court would be the proper forum following Defendant's removal. Because the Court has diversity jurisdiction and Plaintiffs present no other basis for remand, the Motion to Remand is DENIED.

**B.    Motion to Transfer**

Turning to the Motion to Transfer, Defendant argues that Plaintiffs' claims are subject to a mandatory forum-selection clause that requires the dispute be adjudicated in Berks County, Pennsylvania. (Mot. to Transfer at 4). Plaintiffs oppose on the grounds that the forum-selection clause is unenforceable under California law. (Plaintiffs' Opp. at 4). The Court therefore begins its analysis with the validity of the forum-selection clause.

1.    <u>Validity of the Forum-Selection Clause</u>

To begin, the parties disagree as to whether state or federal law should be applied in determining the validity of the forum-selection clause. Plaintiffs argue that the forum-selection clause is unconscionable under California law, (Mot. to Remand at 5; Plaintiffs' Opp. at 4), while Defendant argues that the forum-selection clause is valid under the federal *Bremen* test, (Mot. to Transfer at 4).

The Ninth Circuit has long held that federal law controls both the enforcement and validity of forum-selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("[T]he federal rule announced in [] *Bremen* controls enforcement of forum clauses in diversity cases."); *Lewis v. Lib. Mut. Ins. Co.*,

953 F.3d 1160, 1164 (9th Cir. 2020) ("The validity of a forum-selection clause is governed by federal law."). However, more recently, the Ninth Circuit recognized that, at least where state law permits the voiding of a forum-selection clause, state law "determines the threshold question of whether [a] contract contains a valid forum-selection clause." *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 964 (9th Cir. 2022). Applying this rule, the *DePuy* court found no abuse of discretion in the district court's refusal to enforce a forum-selection clause following the plaintiff's invocation of California Labor Code § 925(b), which allows an employee to void a forum-selection clause under certain circumstances.[1] *Id.* at 964-67.

Following *DePuy*, some district courts in this Circuit have continued to apply federal law to evaluate the validity of forum-selection clauses, provided no analogous statute permits a party to void the clause. *See Belkorp AG, LLC v. Venture Prods., Inc.*, No. 1:23-cv-00762-DJC-DB, 2025 WL 916882, at *4 (E.D. Cal. 2025) (declining to apply state law and distinguishing *DePuy* because "this case does not involve a voidable provision in a contract such that a *party* is permitted to decide whether the forum selection clause is in fact part of the contract"); *Rostami v. Hypernet Inc.*, 5:22-cv-01813-EJD, 2023 WL 2717262, at *3 (N.D. Cal. Mar. 29, 2023) ("Because there are no circumstances here that are similar to the state labor statute voiding the forum selection clause in *DePuy*, and in light of the remaining Ninth Circuit authority on the issue, the Court will apply federal law to the question of validity of the forum selection clause.").

Other courts have declined to decide whether state or federal law applies, opting to evaluate the clauses under both federal and state law. *See Brooks v. WarnerMedia Direct*

---

[1] California Labor Code § 925(a) provides that an employer "shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would" require the adjudication of a claim arising in California in a forum outside of California or otherwise deprive the employee of the substantive protection of California law with respect to such a claim. Section 925(b) provides that a "provision of a contract that violates subdivision (a) is voidable by the employee." Cal. Lab. Code § 925(b).

*LLC*, No. CV 23-7579-GW-MRWx, 2023 WL 10706636, at *5 (C.D. Cal. 2023) ("This Court need not determine whether federal law or state law applies as it would find the forum-selection clause valid and enforceable under both."); *N.Z. v. Fenix Int'l Ltd.*, No. 8:24-cv-01655-FWS-SSC, 2025 WL 1122493, at *4 n.3 (C.D. Cal. Apr. 9, 2025) ("[T]he court need not decide whether federal or state law applies in assessing validity here because both bodies of law dictate the same result.").

The Court is inclined to agree with the *Belkorp* and *Rostami* courts that *DePuy* does not require the application of state law here. While *DePuy* purported to withhold decision on the question of "whether state law would govern validity of a forum-selection clause that had not been voided and is before the district court for consideration in the transfer analysis," *DePuy*, 28 F.4th at 964 n.6, it appears to the Court that this question was already decided in *Lewis*. *See Lewis*, 953 F.3d at 1164 ("The validity of a forum-selection clause is governed by federal law."). Moreover, *DePuy* is distinguishable in that California Labor Code § 925 applies to the employment context, and Plaintiffs have not pointed to any analogous statute that allows the voiding of a forum-selection clause under the present circumstances. *See Brooks*, 2023 WL 10706636, at *5. However, given the uncertain scope of *DePuy*, and because the Court's decision would be unchanged under either California or federal law, the Court will analyze the validity of the contract under both sources of law.

        a)    *California Law*

Under California law, a court may refuse to enforce any clause of a contract that it finds to "have been unconscionable at the time it was made." Cal. Civ. Code § 1670.5(a). A finding of unconscionability requires both a procedural and substantive component, though they need not be present in the same degree. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). Courts typically utilize a "sliding scale" approach to determine if an agreement is unconscionable; less procedural unconscionability requires a greater amount of substantive unconscionability, and vice versa. *Id.*

Procedural unconscionability focuses on the factors of "oppression or surprise." *OTO, LLC v. Kho*, 8 Cal. 5th 111, 126 (2019). "Oppression occurs where a contract involves lack of negotiation and meaningful choice." *Id.* (citation and emphasis omitted). Surprise, meanwhile, occurs "where the allegedly unconscionable provision is hidden with a prolix printed form." *Id.* (citation omitted). Courts also ask whether a party lacked "any realistic opportunity to look elsewhere for a more favorable contract," or whether a party "must either adhere to the standardized agreement or forego the needed service." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1320 (2005).

Applying this standard, the Court concludes that there was, at most, minimal procedural unconscionability here. Plaintiffs claim that the forum-selection clause is procedurally unconscionable because it was a part of a contract of "adhesion," or a "standard-form contract presented to Plaintiffs on a take-it-or-leave-it basis," and that the "bargaining power disparity" between the parties is "evident." (Mot. to Remand at 5). Plaintiffs are correct that the use of an adhesion contract generally "establishes a minimal degree of procedural unconscionability." *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 585 (2007). However, Plaintiffs have provided no evidence of oppression or surprise, such as being "rushed through the signing process," failing to see the provision due to "buried" or obscured language, or being subjected to inordinate pressure. *See Magno v. The College Network, Inc.*, 1 Cal. App. 5th 277, 285 (2016). Plaintiffs initialed right next to the forum-selection clause, and the language was not hidden or buried in the contract. (Compl. at 34). Plaintiffs also have not claimed any lack of reasonable market alternatives or shown that accepting the terms was essential to operating their business. *See Bolter v. Superior Ct.*, 87 Cal. App. 4th 900, 907 (2001) (finding procedural unconscionability where petitioners were told that they had to agree to new "franchise terms" to "continue running their franchises"). Therefore, Plaintiffs have shown nothing more than minimal procedural conscionability.

As such, Plaintiffs are "obligated to make a strong showing of substantive unconscionability" under the sliding scale approach to render the clause unenforceable.

*Gatton*, 152 Cal. App. 4th at 586. Substantive unconscionability exists when a provision is so "overly harsh or one-sided" that it falls outside the "reasonable expectations" of the non-drafting party. *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 88 (2003) (citation omitted). "A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to shock the conscience." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012) (internal quotation marks and citation omitted). A court should refrain from enforcing a provision only where "the terms of the contract are sufficiently unfair, in view of all relevant circumstances." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 912 (2015).

Plaintiffs have not established any substantive unconscionability in the present case. Plaintiffs' primary argument is that transferring the case would "effectively deprive Plaintiffs of the protections afforded by California's consumer protection laws." (Mot. to Remand at 6; Plaintiffs' Opp. at 5). But Plaintiffs have not demonstrated that granting the transfer would be substantively unfair, one-sided, or deprive them of any available remedy at law. While Plaintiffs highlight the protections available under the Song-Beverly Act and the UCL, they make no attempt to compare these statutes to analogous Pennsylvania statutes, nor do they identify any protections available under these statutes that are unavailable under Pennsylvania law. *See Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 157 (2015) ("[A] comparison [with the foreign jurisdiction's laws] is necessary to determine whether enforcing a forum selection and choice-of-law clause would violate California's public policy embodied in its governing statutes.").

Plaintiffs also argue that requiring them to litigate in Pennsylvania would impose a significant hardship because they are a "small California business" and cannot afford to litigate in Pennsylvania. (Mot. to Remand at 6). However, "[m]ere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." *Smith, Valentino, & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 496 (1976) (citation omitted); *see also*

*America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 19 (2001) ("[T]he additional cost or inconvenience necessitated by litigation in the selected forum is not part of the calculus when considering whether a forum selection clause should be enforced.").

Because the forum-selection clause has minimal, if any, procedural unconscionability, and no substantive unconscionability, the Court finds that the clause is not unconscionable under California law.

          b)     *Federal Law*

Though the federal test uses different language, it weighs similar factors. Under federal law, a forum-selection clause should be enforced unless the opposing party shows that: "(1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

Plaintiffs argue that all three *Bremen* factors are satisfied, using much of the same reasoning as their unconscionability arguments. (Mot. to Remand at 10). First, Plaintiffs state that the inclusion of the forum-selection clause was a result of "overweening" bargaining power and "textbook . . . overreaching." *Id.* at 10-11. But Plaintiffs fail to identify any overreaching beyond the mere fact of the adhesive contract, and they do not discuss fraud at all. As the Ninth Circuit has explained, "[a] differential in power or education on a non-negotiated contract will not vitiate a forum selection clause." *Murphy v. Schneider*, 362 F.3d 1133, 1141 (9th Cir. 2004). The first factor thus weighs against Plaintiffs.

For the second factor, the party opposing enforcement must "point to a statute or judicial decision that clearly states . . . a strong public policy" against enforcement of forum-selection clauses. *Yei A. Sun*, 901 F.3d at 1090. A state statute or law satisfies the second *Bremen* factor when it has "plain language" that militates against forum selection.

*See Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019) (finding second factor satisfied where state statute rendered any contractual choice-of-forum clause "void" and against "public policy").

Plaintiffs here argue that enforcement of the clause would contravene California's "strong public policy of protecting consumers and small businesses from unfair and deceptive business practices." (Mot. to Remand at 6, 11). To support this claim, Plaintiffs describe California's consumer protection, competition, and environmental laws, like the Song-Beverly Act and the California Air Resources Board regulations. *Id*. at 8. But Plaintiffs fail to identify any specific provisions in these statutes stating a clear public policy against forum-selection clauses. California has no overarching statute similar to the one in *Gemini Technologies*. *See Gemini Techs.*, 931 F.3d at 916 (noting that "only four other states," not including California, have comparable statutes to Idaho, and explaining that such exceptions are "bound to be far from routine"). And courts have rejected arguments that other California statutes expressed a sufficiently strong expression of public policy to invalidate a forum-selection clause, even with more directly applicable language than that at issue here. *See Belkorp*, 2025 WL 916882 at *3; *Audeamus Inc. v. Baxter Constr. Co., Inc.*, No. 20-cv-01333-JLT-SKO, 2022 WL 605407, at *4-5 (E.D. Cal. Mar. 1, 2022). Because Plaintiffs have not pointed to a California statute or judicial decision that bars enforcement, the second factor also weighs against Plaintiffs.

The third *Bremen* factor places a "heavy burden" on the party opposing enforcement to show that enforcement would deprive them of their day in court. *Yei A. Sun*, 901 F.3d at 1093. "Courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever." *Id*. at 1092. It is Plaintiffs' burden to demonstrate a lack of legal remedy in the new forum, which Plaintiffs have not met. Further, "to prove that a party would be denied its day in court, it must typically show that all relevant witnesses are not located in the contracted forum, they are physically unable to go to the agreed-upon forum, or they lack the financial ability to continue in the forum." *Belkorp*, 2025 WL 916882, at *3. Plaintiffs state that it would be "gravely difficult and

inconvenient" to litigate in Pennsylvania, (Mot. to Remand at 10), but they have not shown that they would be deprived of their day in court should the forum-selection clause be enforced. *See White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 948 (S.D. Cal. 2019) (rejecting arguments "made in a boilerplate fashion without any specific and concrete evidence that pursuing Plaintiff's claims in the [contractual forum] would be gravely difficult or inconvenient"). The third factor thus also weighs against Plaintiffs.

Because Plaintiffs do not meet the standards laid out by *Bremen*, the Court finds that the forum-selection clause is valid under federal law.

### 2. The Public Interest Factors Do Not Disfavor Transfer

Where the parties have agreed to a valid forum-selection clause, courts "should not consider arguments about the parties' private interests." *Atl. Marine*, 571 U.S. at 64. Courts will instead "consider arguments about public-interest factors only," and "the party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id*. at 64, 67. The public interest factors include: "[1] administrative difficulties flowing from court congestion; [2] imposition of jury duty on the people of a community unrelated to the litigation; [3] the local interest in resolving the controversy at home; [4] the interest in having a diversity case tried in a forum familiar with the law that governs the action; and [5] the avoidance of unnecessary conflicts of law problems." *Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998). "Because those [public interest] factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Plaintiffs state that the public interest factors "bar transfer." (Plaintiffs' Opp. at 6). However, many of the public interest factors Plaintiffs list in their opposition are actually private interest factors and will not be considered. *See* (*id.*). The public interest factors that Plaintiffs do reference—like California's interest in enforcing its consumer protection and environmental laws—have been addressed above and are not sufficient to override a

1  valid forum-selection clause. Addressing each factor in turn: (1) Plaintiffs have not
2  identified any additional administrative difficulties flowing from court congestion; (2) jury
3  members in Pennsylvania will not be overburdened by the facts and law of this case;
4  (3) though California has some interest in protecting its residents, Pennsylvania also has
5  an interest in holding a business domiciled in its state accountable; (4) a district court in
6  Pennsylvania will be able to apply the law relevant to this case; (5) there are no unnecessary
7  conflicts of law to be avoided. *See Belkorp*, 2025 WL 916882, at *4. Because the public-
8  interest factors do not "overwhelmingly disfavor a transfer," the forum-selection clause is
9  enforceable. *See Atl. Marine*, 571 U.S. at 67.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand and GRANTS Defendant's Motion to Transfer. In accordance with the Court's ruling, this case shall be transferred to the U.S. District Court for the Eastern District of Pennsylvania. The Clerk is directed to close this file.

**IT IS SO ORDERED.**

DATED: July 18, 2025

HON. SHERILYN  EAC
UNITED STATES DISTRICT JUDGE